**Application of James H. WILSON.**

**Patent Appeal No. 7663.**

United States Court of Customs and Patent Appeals.

Nov. 17, 1966.

Rehearing Denied Feb. 9, 1967.

Smith, J., dissented.

◇

Brumbaugh, Free, Graves & Donohue, New York City (Eben M. Graves, John F. Neary, Jr., William F. Eberle, New York City, of counsel), for appellant.

J. Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

This is an appeal from the Patent Office Board of Appeals, which held claims 1 to 5 of application serial No. 31,279, filed May 24, 1960, entitled "Soap Compositions," to define only obvious subject matter which was unpatentable over the prior art under 35 U.S.C. § 103.

The invention relates to a solution for the lime soap problem. When water-soluble soaps are used in hard water, especially at rinsing dilutions, the calcium and magnesium hardness ions in the water react with the dissolved soap to form insoluble lime soaps, which precipitate out of solution. The undesirable lime soap scum then adheres to skin, fabrics, and washing containers. Appellant's solution to this problem consists of adding alkyl sulfoxides to the water-soluble soaps. The sulfoxides function either to inhibit the formation of lime soaps or to disperse the precipitates once they are formed.

Claim 1 is illustrative of the invention and reads as follows:

1. A detergent soap composition consisting essentially of a water-soluble soap and an alkyl sulfoxide of the formula

$$R \diagdown \diagup S{=}O \quad R'$$

wherein R is an alkyl radical having from 8 to 20 carbon atoms and R' is a short chain aliphatic group having from 1 to 5 carbon atoms, the ratio of soap to alkyl sulfoxide being from about 1:1 to about 1:0.01.

Claim 2 recites the use of a mixture of alkyl sulfoxides. Claim 4 is directed to a preferred subclass of sulfoxides wherein R is alkyl of 8 to 18 carbon atoms, and claims 3 and 5 are limited to the preferred dodecyl methyl sulfoxide.

The references relied upon are:

| | | |
|---|---|---|
| Flett | 2,390,295 | December 4, 1945 |
| Goodhue et al. (Goodhue) | 2,654,667 | October 6, 1953 |
| Webb | 2,787,595 | April 2, 1957 |

Flett discloses soap compositions adapted for general detergent use in hard water to overcome the lime soap problem. These compositions consist of water-soluble soaps together with mixtures of alkyl aromatic sulfonates. The sulfonate mixtures are said to be "themselves effective detergents and washing agents in hard water * * *."

Goodhue discloses the use of organic sulfoxides and disulfoxides as defoliating agents for plants. This reference teaches that soap and alkyl sulfoxides are compatible, since soap is useful as a wetting or emulsifying agent to stabilize aqueous emulsions of the alkyl sulfoxides.

Webb, the more pertinent secondary reference, is acknowledged in appellant's specification and discloses the use as detergents of alkyl sulfoxides of the formula

$$\overset{\displaystyle O}{\underset{\displaystyle \|}{R{-}S{-}R'}}$$

wherein R represents a methyl or ethyl group and R' represents an alkyl group containing at least 6, preferably 9–22, carbon atoms. Webb states that his "long chain alkyl monosulfoxides possess a high degree of surface activity and have even greater detergent properties" than the disulfoxides, and that his compounds "are unaffected by alkaline earth and heavy metal ions and hence are adapted to use in hard water." Appellant's preferred methyl dodecyl sulfoxide is disclosed in Example 2 of the reference.

In affirming the examiner's rejection of appellant's claims 1 to 5 as unpatentable under 35 U.S.C. § 103 over Flett in view of the combined teachings of Webb and Goodhue, the board commented:

* * * we consider that the primary reference [Flett] would lead one skilled in the art to combine water-soluble soap *with various detergents* to overcome the lime soap problem. Webb shows appellant's sulfoxides as detergents which are unaffected by alkaline earth and heavy metal ions and hence are adapted to use in hard water. Accordingly, there would be nothing unobvious for one skilled in this art in the substitution of the detergent sulfoxide of Webb for the detergent in the composition of Flett. * * * [Emphasis ours.]

Although the board apparently believed the substitution of any known detergent for the alkyl aromatic sulfonate detergents in the Flett soap compositions would be obvious, we do not agree with this broad proposition, absent any given

reason for making the substitution of detergents. The water-soluble soaps themselves are "well-known detergents," as disclosed by Flett, and the patentee added mixtures of alkyl aromatic sulfonates to water-soluble soap not because of the fact that the sulfonates are themselves effective detergents, which is merely incidental, but rather because of their "advantageous properties of preventing 'lime soap' curds and related insoluble fatty acids and salts from depositing from aqueous suspensions thereof." The problem which confronted Flett was the formation of flocculated lime soaps when water-soluble soaps are used in hard water. If Flett merely desired a good "detergent," he could have used any one of a number of then known detergents in pure form, including the water-soluble soaps.

While the board's position is unduly broad as stated, we do not regard the rejection as unfounded on the facts of this case for the following reasons. No mention has been made of the fact by the examiner, board, or solicitor, but the Webb patent contains a comparison of his alkyl sulfoxides with various other detergent compositions, including an alkyl aryl sulfonate commercially manufactured by Lever Brothers, assignee of the application here on appeal. Since the reflectometer value of 58 indicates that a cleaner, brighter wash was obtained with Webb's sulfoxides than with the sulfonate detergent of appellant's assignee, it would indeed be obvious to substitute the alkyl sulfoxides for the alkyl aryl sulfonates in the earlier soap compositions of Flett, which consisted of water-soluble soaps incorporated with a class of nonsoap synthetic detergents, namely, mixtures of the alkyl aromatic sulfonates.

Appellant contends that knowledge of surface active properties and compatibility with hard water is an insufficient basis upon which to predict lime soap dispersant properties of compounds, since Flett discloses that the aromatic sulfonic acids, a class of compounds possessing these properties, "do not adequately disperse the soap precipitates." Since neither of the secondary references mentions the lime soap problem, we do not doubt that a skilled chemist could not predict with absolute certainty whether or not the alkyl sulfoxides of Webb and Goodhue would possess adequate lime soap dispersing properties. But obviousness does not require absolute predictability, In re Moreton, 288 F.2d 940, 48 CCPA 928, and we are persuaded that the many advantageous characteristics disclosed by Webb for his alkyl sulfoxides, especially their high degree of surface activity, adaptation to use in hard water, and greater detergent properties than the alkyl aryl sulfonate commercially manufactured by appellant's assignee, renders obvious the substitution of the sulfoxides for the alkyl aromatic sulfonate mixtures in the earlier detergent soap compositions of Flett. In this regard the Rudy affidavit of record merely proves that which is already asserted by Webb, namely, the superiority of detergent soap compositions containing alkyl sulfoxides to those containing equal amounts of an alkyl aryl sulfonate. This superiority is not unexpected, since Webb discloses that his sulfoxides are not merely equivalent, but actually superior to the sulfonate detergent of Lever Brothers and to four other commercially manufactured detergent compositions as well.

The decision of the board is affirmed.

Affirmed

WORLEY, Chief Judge concurs in the result.

Judge MARTIN participated in the hearing of this case but died before a decision was reached.

SMITH, Judge, (dissenting).

In view of the admissions in the majority as to the defects in the prior art teachings, I am amazed to find that de-

spite these defects it would affirm the board. First, only the principal reference, Flett, discusses the lime soap problem, the secondary references being silent. Second, Flett discloses that aromatic sulfonic acids, a class of compounds known to possess the properties of surface activity and compatability with hard water, do not solve the lime soap problem.

Yet the majority finds it would be obvious because of the presence of these *same* properties in appellant's sulfoxides to substitute them for the alkyl aromatic sulfonate mixtures in Flett. The defects in the board's reasoning is readily admitted by the majority. However, instead of reversing the board's decision, the majority on its own motion injects the teaching in Webb that an alkyl sulfoxide composition when tested, showed a reflectometer value of 58. This is, sua sponte, equated with a "cleaner, brighter wash."

Appellant never has had the opportunity to answer such a rejection. It is only by reliance on this new reasoning and combining it with the known properties of sulfoxides—which admittedly did not cure the lime soap problem for Flett—that the majority can support its finding that the invention is obvious.

The *invention* here in general terms sets forth a solution to the lime soap problem which persisted at the time of appellant's invention despite the prior art teachings relied on by the majority. The majority chooses not to discuss this fact. Rather, it views the invention as but a combination of the sulfoxides and a detergent soap composition, and nothing more.

In view of the admitted defects in the board's reasoning and considering the claimed *invention,* I would reverse the decision of the board. It is contrary to my concepts of the judicial process that a rejection should be sustained for untested reasons first advanced by this court.